**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LIBBY A. DEMERY, | DOCKET NUMBER |
| Appellant, | PH-3330-19-0292-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: June 25, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Libby A. Demery, Clinton, Maryland, pro se.

Bernard E. Doyle, Arlington, Virginia, for the agency.

Mary Bradley, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. For the reasons set forth below, we REVERSE the administrative judge's finding that the Board lacks jurisdiction over this VEOA appeal, and we AFFIRM the initial decision as MODIFIED to deny the appellant's request for corrective action under VEOA for a failure to meet the 60-day time limit for filing a complaint with the Department of Labor (DOL) under 5 U.S.C. § 3330a(a)(2)(A). Except as expressly indicated in this Final Order, the initial decision of the administrative judge is the Board's final decision.

The Board has jurisdiction over this appeal under VEOA.

To establish the Board's jurisdiction over a VEOA appeal based on an alleged violation of veterans' preference rights, an appellant must show that she exhausted her remedy with DOL and make nonfrivolous allegations[2] that she is a preference eligible within the meaning of VEOA, the action at issue took place on or after the October 30, 1998 enactment of VEOA, and the agency violated her rights under a statute or regulation relating to veterans' preference. *Lis v. U.S. Postal Service*, 113 M.S.P.R. 415, ¶ 8 (2010); *see* 5 U.S.C. § 3330a(a)(1)(A).

---

[2] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

To satisfy the exhaustion requirement, the appellant must prove by preponderant evidence[3] that (1) she filed a DOL complaint and (2) DOL was unable to resolve the complaint within 60 days or has issued a written notification that DOL's efforts have not resulted in resolution of the complaint. *Bent v. Department of State*, 123 M.S.P.R. 304, ¶ 5 (2016); *see* 5 C.F.R. § 1201.57(c)(1).

Here, the administrative judge dismissed this appeal for lack of jurisdiction based on his findings that the appellant failed to file her DOL complaint within 60 days after the date of the alleged VEOA violation or to show that equitable tolling should apply. Initial Appeal File (IAF), Tab 33, Initial Decision (ID) at 4-5. The appellant challenges these findings on review. Petition for Review (PFR) File, Tab 1.

It is well established that a failure to meet the 60-day time limit for filing a DOL complaint under 5 U.S.C. § 3330a(a)(2)(A) is not a failure to exhaust administrative remedies that deprives the Board of jurisdiction over a VEOA claim. *Kirkendall v. Department of the Army*, 479 F.3d 830, 835 & n.2 (Fed. Cir. 2007) (en banc); *Garcia v. Department of Agriculture*, 110 M.S.P.R. 371, ¶¶ 8-13 (2009). Thus, the administrative judge here erroneously based his jurisdictional determination on the apparent untimeliness of the DOL complaint. Accordingly, we will conduct our own jurisdictional analysis, as follows. *See, e.g.*, *Garcia*, 110 M.S.P.R. 371, ¶ 8 & n.2.

Regarding exhaustion, the appellant alleged that she filed a DOL complaint on May 7, 2019, when she requested DOL to reopen her prior DOL complaint based on new evidence obtained during a prior Board appeal. IAF, Tab 23 at 9-10. She provided a copy of her written request for DOL to reopen a VEOA complaint that she allegedly sent to DOL. *Id*. at 22-23. She further provided a copy of a May 20, 2019 letter from DOL informing her that DOL would be unable to investigate her veterans' preference complaint because she applied for

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

assistance after the statutory deadline of 60 days from the date of the alleged violation. IAF, Tab 1 at 7-8.[4] Thus, we find that she submitted preponderant evidence proving that she satisfied the exhaustion requirement.

Further, we find that the appellant satisfied the remaining jurisdictional elements by raising nonfrivolous allegations that she is a 10-point preference eligible (30% compensated veteran) and that the agency violated her veterans' preference rights under 5 U.S.C. §§ 3317-3318 when it failed to select her for a Management Analyst position in 2010-2011. IAF, Tab 23 at 2 & n.1, 8-9; *see Garcia*, 110 M.S.P.R. 371, ¶ 8 n.2 (observing that 5 U.S.C. § 3318(b)(1) qualifies as a statute relating to veterans' preference). Based on the foregoing, we find that the Board has jurisdiction over this appeal under VEOA, and we reverse the administrative judge's contrary finding. We next address whether the appellant timely filed her DOL complaint.

<u>We deny the appellant's request for corrective action under VEOA for failing to file a DOL complaint within the 60-day statutory deadline.</u>

Under VEOA, a DOL complaint must be filed within 60 days after the date of the alleged VEOA violation. 5 U.S.C. § 3330a(a)(2)(A); *see Gingery v. Office of Personnel Management*, 119 M.S.P.R. 43, ¶ 16 (2012). The 60-day filing deadline set forth at 5 U.S.C. § 3330a(a)(2)(A), however, is subject to equitable tolling. *Kirkendall*, 479 F.3d at 835-44; *Gingery*, 119 M.S.P.R. 43, ¶ 17. The U.S. Supreme Court explained in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990), that Federal courts have "typically extended equitable relief only sparingly" and that the Court had allowed equitable tolling when the complainant "has actively pursued [her] judicial remedies by filing a defective pleading during the statutory period" or when she has been "induced or tricked by [her] adversary's misconduct into allowing the filing deadline to pass." *See Gingery*, 119 M.S.P.R. 43, ¶ 17.

---

[4] The DOL letter is dated May 20, 2018, which is a typographical error. ID at 3 & n.3; IAF, Tab 6 at 3, Tab 7 at 4, 6-7.

For the reasons explained in the initial decision, we agree with the administrative judge's findings that the appellant's DOL complaint was untimely and that she failed to show that equitable tolling should apply. ID at 4-5. Specifically, he found it undisputed that her DOL complaint, which concerned her nonselection in 2010-2011, was untimely. ID at 4; IAF, Tab 23 at 22-23. In considering the appellant's argument that she discovered new evidence of "fraudulent concealment" at a June 12, 2018 hearing held in her prior Board appeal, the administrative judge noted that she did not file her DOL complaint until May 7, 2019, almost 11 months after that hearing. ID at 4; *Demery v. Department of the Army*, MSPB Docket No. PH-1221-18-0105-W-1. He concluded that the appellant's claims of the agency's purported fraud and that she filed a defective pleading in 2011 were unavailing because they did not address the relevant time period after the June 12, 2018 hearing. ID at 4.

On petition for review, the appellant reasserts her arguments regarding the agency's purported fraud and that she filed a timely DOL complaint in 2011. PFR File, Tab 1; IAF, Tab 31 at 4-6, 11. Because such arguments do not explain why she was unable to file a new DOL complaint within 60 days after the June 12, 2018 hearing, we find that she has not established any of the limited bases for applying equitable tolling in this matter. *See Gingery*, 119 M.S.P.R. 43, ¶ 17.

The appellant's remaining arguments do not provide a reason to disturb the initial decision. In particular, her claim that she requested to transfer this appeal to the Board's Washington, D.C. Regional Office is not supported by the record. PFR File, Tab 1 at 3. Further, she has not alleged any harm to her substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). Moreover, her assertion of adjudicatory bias based on the administrative judge's case-related rulings in the instant and her prior Board appeals is an insufficient basis to rebut

the presumption of his honesty and integrity.  PFR File, Tab 1 at 3; *see Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980); *see also Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013) (observing that the Board will not infer bias based on an administrative judge's case-related rulings).  Thus, we discern no error in the administrative judge's denial of the appellant's motions to recuse himself.  PFR File, Tab 1 at 3; ID at 1; IAF, Tabs 3, 26, Tab 31 at 4; *see King v. Department of the Army*, 84 M.S.P.R. 235, ¶ 6 (1999) (explaining that an administrative judge's case-related rulings, even if erroneous, are insufficient to establish bias warranting recusal and that claims of perceived adjudicatory errors do not provide a basis for recusal).  Finally, the appellant's arguments on the merits of her VEOA claim are inapposite to the relevant timeliness issue.  PFR File, Tab 1 at 5.

Accordingly, we affirm the initial decision as modified to deny the appellant's request for corrective action under VEOA because she has failed to meet the statutory 60-day time limit for filing a DOL complaint under 5 U.S.C. § 3330a(a)(2)(A).  *See, e.g.*, *Garcia*, 110 M.S.P.R. 371, ¶ 13.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:      *Gina K. Grippando*

                                      _____
                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.